UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| RODNEY ALAN ROUDENBUSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-00151-TWP-DML |
| ) | |
| FLOYD COUNTY SHERIFF'S DEPT., ) | |
| ) | |
| Defendant. ) | |

**ORDER SCREENING AND DISMISSING COMPLAINT
AND PROVIDING OPPORTUNITY TO AMEND**

Plaintiff Rodney Alan Roudenbush, an inmate at Floyd County Jail, brings this action pursuant to 42 U.S.C. § 1983. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before issuing service on the defendant.

**I.
Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Id.*

## II.
## The Complaint

On August 17, 2020, the plaintiff filed a complaint naming the Floyd County Sheriff's Department (the "Sheriff's Department") as the sole defendant. In his complaint, the plaintiff alleges that Sgt. Ward of the Sheriff's Department opened an envelope containing his legal mail, looked inside, and commented on it. The plaintiff contends that Sgt. Ward's actions violated attorney-client privilege, federal mail statutes, and the mail policy of the Sheriff's Department. The plaintiff seeks compensatory damages and prospective injunctive relief.

## III.
## Dismissal of the Complaint

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "Prisoners have a fundamental right of access to the courts that prisons must facilitate by providing legal assistance." *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). To prevail on an access-to-courts claim, a prisoner must "submit evidence that he suffered actual injury—i.e., that prison officials interfered with his legal materials—and that the interference actually prejudiced him in his pending litigation." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citations omitted).

Here, the plaintiff's claims against the Sheriff's Department are subject to dismissal for failure to state a claim upon which relief can be granted. The Sheriff's Department may only be sued when its actions violate the Constitution. *See Levy v. Marion Cty. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (applying *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) to claim against Sheriff's Department). To state a *Monell* claim, the plaintiff must allege that an action taken by the Sheriff's Department caused the deprivation of his federally secured rights. The Sheriff's Department "'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Id.* (citing *Bd. of the Cty. Commissioners v. Brown*, 520 U.S. 397, 403–04 (1997)). The complaint contains no allegations of a policy or custom to support a claim against the Sheriff's Department.

Furthermore, the plaintiff has not alleged facts showing any constitutional deprivation. Specifically, the plaintiff has made no allegation that Sgt. Ward's actions actually prejudiced him in pending litigation. *See Devbrow*, 735 F.3d at 587.

Therefore, the complaint must be **dismissed for failure to state a claim upon which relief can be granted**.

## IV.
## OPPORTUNITY TO AMEND

For the reasons above, the plaintiff's complaint is **dismissed for failure to state a claim upon which relief can be granted**. The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through February 23, 2021, to file an amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury.

Any amended complaint should have the proper case number, 4:20-cv-00151-TWP-DML and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED**.

Date:   1/27/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

RODNEY ALAN ROUDENBUSH
32688
FLOYD COUNTY JAIL
FLOYD COUNTY JAIL
Inmate Mail/Parcels
P.O. Box 1406
New Albany, IN 47150